## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

---

JAIME MANON ESQUIVEL,

      Petitioner,

v.                                                    No. 1:26-cv-00126-MLG-JFR

RAY CARNES, Warden,
Torrence County Detention Center; et al.,

      Respondents.

## SECOND ORDER FOR SERVICE, TO SHOW CAUSE, AND
## ENJOINING TRANSFER OF PETITIONER OUTSIDE THE DISTRICT

Petitioner Jaime Manon Esquivel, a Mexican citizen, is currently being detained at the Torrence County Detention Facility in Estancia, New Mexico. Doc. 3 at 1 ¶ 1, 4 ¶ 15, 5 ¶ 19. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). Doc. 3 at 2 ¶¶ 2-3, 5 ¶ 22, 12. He also requests declaratory relief and an award of attorney's fees and costs. *Id.* at 12.

The Court orders the Clerk to serve Manon Esquivel's Petition for Writ of Habeas Corpus ("Petition") (Doc. 3) on the United States, its agencies, and its officers, and the Warden of the Torrence County Detention Facility in accordance with the Standing Order filed January 28, 2026.[1] *See* Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026). The Clerk's Office shall serve a copy

---

[1] The Clerk e-mailed copies of the Petition and the Court's previous Order (Doc. 4) to the U.S. Attorney's Office on January 26, 2026. *See* Docket. The e-mail was sent prior to the entry of the Standing Order and does not appear to meet the requirements of service set forth in Federal Rule of Civil Procedure 4(i). To ensure service on Respondents is effectuated, the Court is entering this Order directing service pursuant to the Standing Order.

of this Order to all Respondents. The Clerk's Office will also e-mail courtesy copies of this Order to the United States Attorney's Office for the District of New Mexico ("USAO") via the Civil Immigration mailbox. Within ten business days of receiving the Order, the USAO must respond to the Petition and show cause why the Court should not grant the requested relief.

Manon Esquivel filed a Notice to the Court on February 6, 2026, requesting an order granting his petition as the deadline for response from the Court's previous Order to Show Cause passed. *See* Docs. 4, 7. Since this Order is directing service pursuant to the Standing Order to ensure service on Respondents, Manon Esquivel's Notice and requests are denied as moot as Respondents have ten business days from the entry of this Order to respond to the Petition and show cause.

Under similar circumstances, this Court has granted requests for individualized bond hearings pursuant to 8 U.S.C. § 1226(a). *See Cortez-Gonzalez v. Noem,* No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *3-4, *6 (D.N.M. Dec. 4, 2025); *Gonzalez Ramos v. Dedos,* No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025); *Diaz-Cruz v. Dedos,* No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025). In doing so, the Court joins the "vast majority" of courts that have concluded that § 1226(a)—not § 1225(b)(2)—governs the detention of noncitizens like Manon Esquivel, who has apparently been residing in the United States since 1997. Doc. 3 at 4 ¶ 15; *see, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years). Any response filed by Respondents must therefore demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings. If

Castells Ferras wishes to file a reply, he must do so within ten business days of the filing of any response. The Court will determine whether a hearing is necessary once briefing is complete.[2]

Respondents are enjoined pursuant to the All Writs Act, 28 U.S.C. § 1651(a), from transferring Manon Esquivel outside the District of New Mexico while this proceeding is pending in order to ensure the Court retains jurisdiction in this matter. *See Gamez Lira v. Noem*, No. 1:25-cv-00855-WJ-KK, 2025 WL 2581710, at * 2 (D.N.M. Sept. 5, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (holding habeas relief is available only in the district of confinement)).


It is so ordered.


_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[2] The Court generally does not permit remote appearances, so all interested counsel must appear for hearings in person.