**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAIME MANON ESQUIVEL,

     Petitioner,

v.                                 No. 1:26-cv-00126-MLG-JFR

RAY CARNES, Warden
Torrence County Detention Center; et al.

     Respondents,

**<u>ORDER OF DISMISSAL</u>**

This matter comes before the Court pursuant to the Court's Order for Report Regarding Status of Petitioner and Briefing as to Mootness, Doc. 20. Petitioner Jamie Manon Esquivel was detained at the Torrence County Detention Facility in Estancia, New Mexico. Doc. 1at 1, 2, 4, 5 ¶¶ 1, 7, 15, 19. The Court granted Manon Esquivel's petition for writ of habeas corpus and directed Respondents to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). Doc. 14. A bond hearing was conducted on March 17, 2026 in which the Immigration Judge ("IJ") denied bond. Doc. 16-1. Manon Esquivel subsequently filed a Motion to Enforce Judgment. Doc. 15. On May 8, 2026, an IJ granted Manon Esquivel's request for pre-conclusion voluntary departure. Doc. 9-1. On May 20, 2026, the Court lifted its injunction prohibiting Manon Esquivel's transfer out of the district so that the voluntary departure could proceed. Doc. 19; *see also* Doc. 9 at 3.

On June 26, 2026, the Court issued an order requiring Respondents file a status report regarding Manon Esquivel's custodial status and whether the pending Motion to Enforce Judgment is moot. Doc. 20.  Respondents filed a status report indicating Manon Esquivel was departed the United States for Mexico on May 28, 2026. Doc. 21 at 1. Respondents assert that the Motion to

Enforce Judgment is now moot. *Id.* at 1-2. Manon Esquivel did not respond to Respondents' status report or mootness argument. *See Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (explaining that when a habeas petitioner is no longer in custody, the court's "inquiry then becomes whether [the petitioner] meets one of the exceptions to the mootness doctrine"). It does not appear that any other mootness exceptions apply. *See id.*

Accordingly, this matter is moot and must be dismissed for lack of subject matter jurisdiction. *See Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." (citation omitted)); *Eaves v. Polis*, 167 F.4th 1304, 1310 (10th Cir. 2026) (explaining that when a case is moot, "a federal court must dismiss the action for want of subject-matter jurisdiction"). This civil action shall be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (providing that "dismissals for lack of jurisdiction should be without prejudice"). A final judgment will be entered separately.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA